UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

NISSAN MOTOR ACCEPTANCE
CORPORATION,

        Appellant,

        v.                      Case No. 07-C-0698

MICHAEL D. SMITH,

        Appellee,
and

THOMAS J. KING, Trustee.

---

## DECISION AND ORDER AFFIRMING THE BANKRUPTCY COURT AND DISMISSING APPEAL

Nissan Motor Acceptance Corporation filed its proof of claim in Michael Smith's Chapter 13 bankruptcy case. The confirmed plan, which was not objected to by Nissan, allowed Smith to bifurcate or "cram down" Nissan's claim. Smith objected to Nissan's proof of claim and the bankruptcy court sustained the objection finding that the confirmed plan controls. Nissan appealed. The decision of the bankruptcy court will be affirmed and this appeal dismissed.

## FACTS

Smith purchased a 2000 Nissan Xterra on June 9, 2005. Seven months later, Smith filed a Chapter 13 petition in bankruptcy. Nissan filed a proof of claim stating that it was fully secured in the amount of $18,006.34. The following day, Smith filed an amended Chapter 13 plan bifurcating Nissan's claim, listing the amount of the secured claim at $11,225 and the interest rate at 8.5%.

With respect to Nissan's claim, the proposed amended plan provided:

> (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim ....

(Doc. 1-5, p. 2.) The proposed amended plan noted that the Nissan Financing 2000 Nissan Xterra was "not driven by debtor - Nicole Thompson fiancee." (*Id.*) Creditors were sent notice of this amended plan by first-class mail on February 3, 2006.

Nissan failed to appear at the meeting of creditors and only the trustee, Smith and Smith's attorney were present. (Doc. 1-8.) The trustee recommended that the proposed amended plan be confirmed, and, on March 1, 2006, the amended plan was confirmed. (Doc. 1-9.)

On March 8, 2006, Smith filed an objection to Nissan's proof of claim. (Doc. 1-10.) Nissan responded to the objection (Doc. 1-16), and the court conducted a hearing on the matter. (Doc. 1-17.)

Smith argued that the claim was subject to bifurcation under § 506 because the collateral securing the claim was not purchased for his personal use but rather for his fiance's sole and exclusive use. He testified that as buyer of the vehicle he personally signed the Simple Interest Retail Installment Contract on June 9, 2005. (Doc. 7, pp. 10-11.) Smith further testified that there was a blank spot on page 3 of the Contract for a Co-Buyer, but that no name was typed or written in that space. (*Id.*, 11.) Smith acknowledged that

2

the contract contained a check mark indicating the vehicle was purchased for personal use and that the contract did not identify his fiancee as a co-buyer. (*Id.*)

During the hearing, the Chapter 13 trustee took the position that Nissan's proof of claim prevailed in regard to the value of the vehicle. However, in a subsequent brief the trustee asserted that Nissan should be bound by the amended plan because it never filed an objection.

The bankruptcy court issued a decision sustaining the debtor's objection to claim. (Doc. 1-21) Nissan moved for reconsideration and/or clarification, and requested an extension of time to appeal. (Doc. 1-22.) The bankruptcy court affirmed its earlier decision but granted the extension of time to appeal. (Doc. I-24.)

## STANDARD OF REVIEW

As the reviewing court, the district court applies "a clear error standard to the bankruptcy court's factual findings, and review its resolutions of legal questions de novo." *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010). A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009) (internal citations omitted).

## ANALYSIS

On appeal, Nissan raises the following five issues: (1) whether the bankruptcy court erred in failing to follow the local rules of the Eastern District of Wisconsin and past practice in the jurisdiction which allowed amounts stated in proofs of claim to prevail over provisions in Chapter 13 plans; (2) whether the bankruptcy court erred in failing to definitely rule that, if the Eastern District of Wisconsin Bankruptcy Court is transformed from a "proof

3

of claim controls" jurisdiction to a "plan controls" jurisdiction, the transformation and new rule shall be applied prospectively to provide due process protection to creditors, debtors and the trustees; (3) whether the phrase "personal use" in 11 U.S.C. § 1325(a)(5) applies to a debtor's fiancee such that a debtor may not "cram down" a 910 vehicle when he allegedly provides the vehicle to his fiancee; (4) whether a statement in the retail installment contract that the purchase is for the "personal use" of the debtor constitutes sufficient proof of personal use in 11 U.S.C. § 1325(a)(5); and (5) whether, in the alternative, the vehicle constitutes "any other thing of value" incurred within the one-year period prior to the petition date under 11 U.S.C. § 1325(a)(5) such that a debtor may not "cram down" the vehicle.

The first two issues raised by Nissan arise out of the bankruptcy court's decision to sustain the debtor's objection to the proof of claim holding that the amended plan controls. Both Nissan and the trustee agree that the proof of claim has long been what the trustee relies upon to pay claims in this district. (Doc. 8, p. 7.) The trustee asserts that, in most circumstances, there is a provision in the plan similar to the model plan stating as follows:

> **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Nothing herein prohibits a creditor from filing a proof of claim in a different amount. Objections to claims may be filed before or after confirmation.

(Doc. 8-2, p. 10.) Regardless, in this case the amended plan did not include the language regarding the proof of claims controlling or otherwise use the word "estimate" regarding the treatment of Nissan's claim.

4

Section 502(a) states that a claim is "deemed allowed" unless a party in interest objects to the claim. 11 U.S.C. § 502(a). Further, § 1327(a) states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

Nissan, who received adequate notice of the amended plan, filed no objections. If a secured creditor fails to object to confirmation, it will be bound by the confirmed plan's treatment of its secured claim under § 1325(a)(5) because the failure to object constitutes acceptance of the plan. *Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447, 457 (6th Cir. 2009). The order confirming the plan stated that the debtor's plan filed on January 31, 2006, had been transmitted to creditors and that no objections had been filed. It does not appear to this court that Nissan ever objected to confirmation, moved to vacate the confirmation order, or appealed the confirmation order. The only "objection" on file was Smith's objection to Nissan's proof of claim to which Nissan filed a response. Consequently, the treatment of Nissan's claim was dictated by the amended plan. 11 U.S.C. § 1327(a) (The provisions of a confirmed plan bind ... each creditor ... whether or not such creditor has objected to, has accepted, or has rejected the plan.)

Mindful of the authority cited by Nissan in its briefs regarding the treatment of the proof of claim in other circuits, this court notes that the Seventh Circuit has long held that a party with adequate notice of a bankruptcy proceeding cannot ordinarily attack a confirmed plan. *See Matter of Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990) (declaring that a creditor was "not entitled to stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings."); *In re Chappell,* 984 F.2d 775, 782-83 (7th

5

Cir.1993) (holding that the failure to raise an objection at the confirmation hearing or an appeal from the order of confirmation precludes an attack on the plan as illegal in a subsequent proceeding*); In re Harvey*, 213 F.3d 318, 321 (7th Cir. 2000) (rejecting creditor's claims where the creditor "failed to lodge a proper objection to the existence of the two plans before the bankruptcy court acted."). While some exceptions to the rule that a confirmed plan controls exist, no such exceptions have been argued in this case. *See, e.g., In re Averhart*, 372 B.R. 441, 444 (Bankr. E. D. Wis. 2007).[1]

Nissan argues that the aforementioned Seventh Circuit cases involve jurisdictions where the courts actually hold confirmation hearings pursuant to 11 U.S.C. § 1324, regardless of whether there are objections to the plan and claims, and/or have procedures that dictate that a proposed plan controls. However, these cases were decided in accordance with the Bankruptcy Code and Bankruptcy Rules – not practices or procedures unique to that jurisdiction. Moreover, it is undisputed that Nissan had an opportunity to object to Smith's plan. Nissan received the Form B91 notice and Smith's amended plan. It knew how Smith proposed to treat its claim, it did not appear at the meeting of creditors, and it did not file a written objection within ten days of the completion of the meeting of creditors. The Seventh Circuit held that even assuming a sophisticated creditor did not get notice of a confirmation hearing, that would not avoid the effects of a binding reorganization plan. *Matter of Pence*, 905 F.2d at 1109.

---

[1]Based on Seventh Circuit case law and the facts of this case, creditors and debtors are bound by confirmed plans. It is an overstatement when Nissan asserts that enforcing the plan constitutes a "dramatic reversal of existing practices in the Eastern District of Wisconsin Bankruptcy Court" with far-reaching implications that will "forever change the bankruptcy practice in this District." (Doc. 4, p. 4.)

6

For the same reasons, the court rejects Nissan's due process claim. Nissan submits that the Chapter 13 Plan filed by Smith provided no notice "that it sought to overrule the past practice in this district and ignore the local rules. Accordingly, it was not afforded due process to present any objection to the proposed plan treatment." Yet Nissan, a sophisticated and secured creditor, had adequate notice, and could have attended the creditor's meeting or filed an objection to confirmation. Thus, in the absence of a more compelling argument by Nissan, the court finds that the Bankruptcy Code and Rules apply.

Nissan's final argument with respect to whether the plan controls is that the court should clarify that any new rule should only be applied prospectively and that the local rules should be revised. However, the bankruptcy court in denying Nissan's motion for reconsideration and/or clarification wrote that "nothing in its May 29, 2007, decision indicates that its decision is retroactive. (R. 22-2.) No further clarification is required.

Finally, Nissan objects to the valuation of its claim under 11 U.S.C. § 506. That section allows for a claim to be bifurcated into secured and unsecured portions. However, in 2006 Congress added the hanging paragraph to section 1325(a), which potentially applies to the motor vehicle creditor in this case:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

7

11 U.S.C. § 1325(a)(9). Nissan argues that Smith should not be allowed to "cram down" a vehicle under section 506 where he acquired the vehicle for "personal use" within the 910 days preceding the filing of bankruptcy.

The bankruptcy court did not address the question of "personal use" beyond finding as follows:

> The Court need not reach that issue here. The debtor's plan clearly indicated that it was subjecting Nissan's claim to valuation under 11 U.S.C. § 506. The plan clearly stated that the vehicle was for the personal use of the debtor's fiancee. Nissan had notice of these provisions, and did not object prior to confirmation. As the Court held above, the provisions now are binding on Nissan.

(Doc. 1-21, 29.)

Nissan never argued to the bankruptcy court that Smith should not be allowed to cram down the vehicle because it is "any other thing of value" incurred "during the 1-year period preceding" the filing of bankruptcy. This and any issue not properly presented in the court below cannot be raised for the first time on appeal and form a basis for reversal. *Heller v. Equitable Life Assurance Soc'y of the United States*, 833 F.2d 1253, 1261 (7th Cir.1987).

With respect to Nissan's arguments regarding the applicability of the hanging paragraph, the Seventh Circuit's decision in *Matter of Wright*, 492 F.3d 829 (7th Cir.2007), appears to resolve this dispute. There, the Seventh Circuit held that by "knocking out § 506, the hanging paragraph leaves the parties to their contractual entitlements." *Id.*, 491 F.3d at 832. The Court of Appeals reasoned that § 506 is not the only source of authority for deficiency judgment when the collateral is insufficient and that state law determines rights and obligations when the Code does not supply a federal rule. *Id.*

Nissan acknowledges that *Wright* is instructive if the court affirms the decision and order below, and, in such case, "would agree that its claim can be bifurcated." (Doc. # 13, p. 2.) At that point, "the question of whether the bifurcation ability arises under BAPCPA or state law is truly irrelevant to this appeal." (*Id.*) Because the court is affirming the bankruptcy court, neither a reversal nor remand is warranted on this issue. Now, therefore,

IT IS ORDERED that the decisions and orders of the bankruptcy court sustaining the debtor's objection to claim # 2 of Nissan Motor Acceptance Corporation and denying Nissan Motor Acceptance Corporation's Motion for Reconsideration and/or Clarification are affirmed.

IT IS FURTHER ORDERED that this appeal is dismissed.

Dated at Milwaukee, Wisconsin, this 12th day of October, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE